# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Ronald C. Green,
    Plaintiff

Case No. C-1-08cv249

vs

Officer William Bauer, et. al.,
    Defendants

**REPORT AND RECOMMENDATION**
(Hogan, M.J.; Beckwith, J.)

Plaintiff, an inmate at Southern Ohio Correctional Facility ("SOCF"), brings this action claiming that Defendants violated his rights under the Eighth Amendment. This matter is before the Court upon Plaintiff's Motion for Temporary Restraining order. (Doc. 22).

Plaintiff seeks an injunction to accomplish the following: enjoin retaliation and compel a transfer to a different prison. (Doc. 22).

In determining whether to issue a temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1398 (6th Cir. 1991); *In Re King*

*World Productions, Inc.*, 898 F.2d 56, 59 (6th Cir. 1990); *Project Vote! V. Ohio Bureau of Employment Services*, 578 F. Supp. 7, 9 (S.D. Ohio 1982) (Spiegel, J.). *See also Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991); *Newsom v. Norris*, 888 F.2d 371, 373 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).

This Court finds that Plaintiff has not alleged facts sufficient to warrant a temporary restraining order. Plaintiff has made no attempt to apply the above factors to his situation, he has not alleged facts indicating a substantial likelihood of success on the merits of his constitutional claims, and he has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. Monetary or economic harm by itself does not constitute irreparable harm. *State of Ohio ex rel. Celebrezze v. N.C.R.*, 812 F.2d 288, 290 (6th Cir.1987).

An injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102 -- would not be served. The present status quo in this case is, according to Plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy Plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's Motion for Temporary Restraining Order (Doc. 22) be DENIED.

Date: 12/8/08

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

J:\LES\prisoner1983\Green.tro.wpd